Van Hoesen, J.
The judgment of the court below ought to be affirmed. With respect to the first and fourth causes of action, which in reality, are varied statements of the same claim, the controversy in the court below seems to have been respecting the amount that the defendant ought to pay, rather than a question as to whether or not the defendant was ' legally liable to pay anything. This is shown to be the case by the defendant’s answer, the first paragraph of which alleges that “defendant after the connection was. made, agreed to pay his reasonable proportion of the expense of the hot water connection made by Bates & Johnson.” In his testimony the defendant said: “I told him that I thought it was not just to charge me two-thirds of the bill. I would not make any objection to paying a fair amount of this bill. I asked him what he considered a fair apportionment, I was ready to pay a fair proportion, *149 but it was not right to expect me to pay two-thirds of the bill, and to be liable to be cut off at any moment.”
Connected with these statements was the allegation that • the plaintiff had no right to make him liable by contracting bills on his account without express authority, and that he had never given to the plaintiff any authority to pay Bates & Johnson.
Notwithstanding the incompleteness of the plaintiff’s testimony, I think that the jury had enough before them to warrant the conclusion that a fair proportion of Bates & Johnson’s bill should be borne by the defendant. That left remaining the question as to what that fair proportion amounted to.
There appears to have been no error in the instructions respecting the rule of damages, and the verdict of the jury cannot be disturbed by this court even if the amount awarded were too large.
The judgment should be affirmed, with costs.
Larremore, J., concurs.